O

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| VALDEMAR PORTNEY, an individual, | ) ) ) | CASE NO. SACV 07-0854 AG (MLGx) |
| Plaintiff, | ) ) | ORDER GRANTING DEFENDANT'S MOTION TO DISMISS CLAIMS THREE THROUGH NINE OF PLAINTIFF'S REVISED SECOND AMENDED COMPLAINT |
| v. | ) ) ) | |
| CIBA VISION CORPORATION, a Delaware corporation, | ) ) ) | |
| Defendant. | ) ) ) | |
| _____ | ) | |

Before the Court is the Motion to Dismiss Plaintiff's Revised Second Amended Complaint (the "Motion") filed by Defendant CIBA Vision Corporation ("Defendant"). The Court considers the Motion appropriate for decision without a hearing, and the Court VACATES the hearing in this matter scheduled for September 22, 2008. After considering the parties' arguments, the Court GRANTS the Motion with leave to amend.

Plaintiff Vlademar Portney (the "Plaintiff") has drafted no fewer than four versions of his complaint against Defendant CIBA Vision Corporation ("Defendant") – the Complaint on July 25, 2007; the First Amended Complaint, which was never filed; the Revised First Amended Complaint ("RFAC"), on May 28, 2008; and the Revised Second Amended Complaint ("RSAC"), on August 7, 2008. No matter how many bites of the apple Plaintiff gets, he seems

unable to stretch a breach of contract claim to be anything more than it already is.  The Court will give Plaintiff one more opportunity to revise his complaint.  If Plaintiff wishes to do so, he must file the revised complaint no more than 21 days from today.

**BACKGROUND**

Plaintiff Valdemar Portney ("Plaintiff") filed this action in July 2007, alleging that Defendant is liable for breaching the 1994 AMO/CIBA Vision Sublicense Agreement ("Sublicense Agreement").  The Court granted Defendant's motion to dismiss Plaintiff's Revised First Amended Complaint ("RFAC"), with leave to amend.  (Order Granting Defendant's Motion to Dismiss Third Through Ninth Causes of Action in Plaintiff's Revised First Amended Complaint, July 17, 2008 (the "July 17 Order").)  Plaintiff filed the Revised Second Amended Complaint ("RSAC").

Like the RFAC, the RSAC includes 10 claims, numbered as follows: first, breach of contract; second, breach of the implied covenant of good faith and fair dealing; third, breach of fiduciary duty; fourth, promissory fraud; fifth, fraudulent concealment; sixth, fraudulent misrepresentation; seventh, constructive fraud; eighth, breach of confidence; ninth, misappropriation of trade secrets; and tenth, unfair competition.  Defendant seeks dismissal of claims three through nine, arguing that they fail to allege the existence of a fiduciary or confidential relationship between Plaintiff and Defendant, and do not satisfy the requirements of Federal Rule of Civil Procedure 9(b).  Defendant also asks the Court to strike a portion of Plaintiff's Prayer for Relief.

**LEGAL STANDARD**

A complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to

relief." Fed R. Civ. P. 8(a)(2).  "Ordinary pleading rules are not meant to impose a great burden upon a plaintiff." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 347 (2005).  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (per curiam) (quoting *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1964 (2007)).  Thus, a complaint may not be dismissed for failure to state a claim where the allegations plausibly show "that the pleader is entitled to relief." *Bell Atlantic*, 127 S. Ct. at 1965.  Conversely, a complaint should be dismissed for failure to state a claim where the factual allegations do not raise the "right of relief above the speculative level." *Id*.

The Court must accept as true all factual allegations in the complaint and must draw all reasonable inferences from those allegations, construing the complaint in the light most favorable to the plaintiff. *Westland Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 670 (9th Cir. 1993); *see also Enesco Corp v. Price/Costco, Inc*., 146 F.3d 1083, 1085 (9th Cir. 1988). However, courts are not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies of the complaint could not possibly be cured by amendment. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) (citing *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996)); *See also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

**ANALYSIS**

**1.    PLAINTIFF'S ALLEGATION OF A FIDUCIARY RELATIONSHIP**

Plaintiff's Third Claim for Relief alleges that Defendant breached its fiduciary duty to Plaintiff.  (Complaint ¶¶ 34-43.)  A claim for breach of fiduciary duty requires a showing that a fiduciary relationship giving rise to a fiduciary duty existed, defendant breached that duty, and

damages resulted. *Apollo Capital Fund LLC v. Roth Capital Partners LLC*, 158 Cal. App. 4th 226, 244 (Cal. Ct. App. 2007). For a fiduciary relationship giving rise to a fiduciary duty to exist, a party "must either knowingly undertake to act on behalf and for the benefit of another, or must enter into a relationship which imposes that undertaking as a matter of law." *City of Hope Nat'l Medical Center v. Genentech, Inc.*, 43 Cal. 4th 375, 386 (2008). To determine whether there is a relationship which imposes a fiduciary duty as a matter of law, a court considers the following factors: (1) the relative sophistication and bargaining power of the contracting parties, (2) whether both parties were represented by counsel during negotiation, (3) whether one party's reliance on the other is "so substantial as to give rise to equitable concerns," and (4) the secrecy of the information transferred from one party to another. *Id.* at 389-92.

The Court previously granted Defendant's motion to dismiss the RFAC's claim for breach of fiduciary duty. (July 17, 2008 Order 6:28-7:1.) The Court explained that the RFAC failed to assert any of these factors because it did "not allege any facts outside the licensing agreement that might support a finding of a fiduciary relationship." (*Id.* 6:21-23.) The Court noted, "In his Opposition, Plaintiff presents some argument[s] regarding these factors," but Plaintiff failed to do so in the Complaint itself. (*Id.* 20-23.)

Now, Plaintiff asserts these arguments in the RSAC rather than the Opposition. Plaintiff addresses the parties' relative sophistication and bargaining power (Defendant was a "multi-national, multi-billion dollar corporation" while Plaintiff was a private individual), representation by counsel (Defendant was represented during the negotiation while Plaintiff was not), reliance (Plaintiff relied on Defendant's promises to provide quarterly and annual reports), and secrecy (Defendant promised to keep information confidential).

But Plaintiff's own assertions undercut his arguments. He is a highly educated and experienced scientist and businessman who holds and licenses dozens of patents. (SAC 2:20-5:12.) He was not represented by counsel during the licensing negotiations with Defendant, but his interests were represented by AMO, which is a corporation like Defendant. Plaintiff arguably alleges facts sufficient to show that he relied on Defendant to some extent, but that debatable reliance is nowhere near "vulnerability [] so substantial as to give rise to equitable

concerns underlying the protection afforded by the law governing fiduciaries."   *City of Hope*, 43 Cal. 4th at 389.  Thus, the RSAC fails to state a claim for breach of fiduciary duty on which relief can be granted.

## 2.   PLAINTIFF'S ALLEGATION OF A CONFIDENTIAL RELATIONSHIP

Plaintiff's Seventh Claim for Relief alleges that Defendant committed constructive fraud by failing to inform Plaintiff that it was selling products using the licensed technology, and by withholding royalties on profits from those sales.  (SAC ¶ 71.)  Defendant argues that the constructive fraud claim should be dismissed because Plaintiff does not plead facts to support his assertion that a fiduciary or confidential relationship existed.  (Motion 9:21-10:20.)

"To state a claim for constructive fraud, a party must allege (1) a fiduciary or confidential relationship; (2) an act, omission or concealment involving a breach of that duty; (3) reliance; and (4) resulting damage."  *Dealertrack, Inc. v. Huber*, 460 F. Supp. 2d 1177, 1183 (C.D. Cal. 2006) (citing *Assilzadeh v. California Fed. Bank*, 82 Cal. App. 4th 399, 414 (2000) ("Constructive fraud is a unique species of fraud applicable only to a fiduciary or confidential relationship.")).  Like a fiduciary relationship, the "essence" of a confidential relationship is "that the parties do not deal on equal terms, because the person in whom trust and confidence is reposed and who accepts that trust and confidence is in a superior position to exert unique influence over the dependent party."  *Richelle L. v. Roman Catholic Archbishop*, 106 Cal. App. 4th 257, 271 (Cal. Ct. App. 2003).  The vulnerability of the weaker party has been described as a "necessary predicate" of a confidential relationship.  *Persson v. Smart Inventions, Inc.*, 125 Cal. App. 4th 1141, 1161 (Cal. Ct. App. 2005).  "As a general rule, the [confidential] relationship is not created simply by the receipt of confidential information."  *Richelle L.*, 106 Cal. App. 4th at 272 fn. 6 (citing *Barajas v. Oren Realty & Development Co.*, 57 Cal. App. 4th 209 (Cal. Ct. App. 1997)).

The Court has established that the RSAC fails to plead facts adequate to assert a fiduciary relationship.  The Court must now determine if the RSAC pleads facts adequate to assert a

confidential relationship.  The RSAC's constructive fraud claim is identical to the RFAC's constructive fraud claim.  The Court has determined that the RFAC failed to assert a confidential relationship.  (July 17 Order).  Thus, the RSAC also fails to assert a confidential relationship, and Plaintiff has failed to plead facts adequate to establish a claim for constructive fraud.

## 3.    SUFFICIENCY OF PLAINTIFF'S FRAUD-BASED CLAIMS

Plaintiff alleges seven fraud-based claims in the RSAC: the Third Claim for Relief for Breach of Fiduciary Duty, the Fourth Claim for Relief for Promissory Fraud, the Fifth Claim for Relief for Fraudulent Concealment, the Sixth Claim for Relief for Fraudulent Misrepresentation, the Seventh Claim for Relief for Constructive Fraud, the Eighth Claim for Relief for Breach of Confidence, and the Ninth Claim for Relief for Misappropriation of Trade Secrets.  (RSAC ¶¶ 34-92.)  Defendant argues that these claims fail to satisfy the particularity requirement set forth in Federal Rule of Civil Procedure 9(b).  (Motion 12:4-7.)

When a plaintiff alleges fraud, a heightened pleading standard is applied and the plaintiff "must aver with particularity the circumstances constituting the fraud."  Fed. R. Civ. P. 9(b). The particularity requirement is designed "to give defendants notice of the particular conduct which is alleged to constitute the fraud so they can defend against the charge and not just deny that they have done anything wrong."  *Glen Holly Entm't, Inc. v. Tektronix, Inc.*, 100 F. Supp. 2d 1086, 1094 (C.D. Cal. 1999) (quoting *Neubronner v. Milken*, 6 F.3d 666 (9th Cir. 1993)).  To provide this notice, "the complaint must specify such facts as the times, dates, places, and benefits received, and other details of the fraudulent activity."  *Id.*

Other than Plaintiff's third claim, discussed above, the fraud-related claims in the RSAC are identical to the fraud-related claims in the RFAC.  The Court dismissed the RFAC claims for failure to satisfy the particularity requirement set forth in Federal Rule of Civil Procedure 9(b). The Court also dismisses the RSAC claims.

**4.      PLAINTIFF'S PRAYER FOR NON-RESTITUTIONARY DISGORGEMENT**

The RSAC includes a prayer for disgorgement of "all gains, profits and advantages derived by Defendant from its acts . . . ."  (RSAC ¶ 95.)  Defendant cites *Korea Supply Co. v. Lockheed Martin Corp.,* 29 Cal. 4th 1134, 1150 (2003), for the proposition that non-restitutionary disgorgement is not available as a remedy in a claim under the Unfair Competition Law ("UCL").  (*Id.* 16:3-5.)  Plaintiff seems to concede that Defendant is correct concerning a UCL claim, (Opposition 17:2-5.), but Plaintiff counters that disgorgement is available under a misappropriation of trade secrets claim.  (*Id.* 17:4-5.)  While this may be true, the Court has ruled that the RSAC's misappropriation of trade secrets claim fails to satisfy the Rule 9(b) standard.  Since disgorgement is not appropriate for a UCL claim, and the misappropriation of trade secrets claim is being dismissed, the disgorgement language must be removed.

**DISPOSITION**

The Court GRANTS Defendant's Motion to Dismiss, with leave to amend.  The Court dismisses claims three through nine of the Revised Second Amended Complaint, but does not address claims one, two, or ten.

IT IS SO ORDERED.

DATED: September 17, 2008

_____

Andrew J. Guilford

United States District Judge